# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:23-cr-00045 |
| Plaintiff, | Magistrate Judge Caroline H. Gentry |
| vs. | |
| AMANDA BROOKER, | |
| Defendant. | |

## THIRD ORDER CONTINUING PROCEEDINGS AND MAKING ENDS OF JUSTICE FINDING

This case came before the Court on Defendant's oral request for a continuance of the proceedings. During a scheduled pretrial conference, counsel for Defendant advised the Court that she needs additional time to consult with her client regarding a plea, and also to explore the possibility of a referral to Veteran's Court. Defendant requested, and counsel for the Government did not oppose, a continuance until February 14, 2024.

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., commands that in any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date of the defendant's initial appearance or the date the defendant is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). Certain delays either may be or are automatically excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h); *Bloate*, 559 U.S. at 199.

When, however, the Court grants a continuance at the request of a party or on its own motion, the resulting delay is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *Bloate*, 559 U.S. at 213. The Court must set these findings forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006).

When considering whether to grant an "ends of justice" continuance, the Court must consider the following factors:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An ends of justice continuance may not be granted based on "general congestion of the court's calendar," or on the Government's "lack of diligent preparation or failure to obtain available witnesses." 18 U.S.C. § 3161(h)(7)(C).

This Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Based upon the representations of Defendant's counsel, the Court finds that a failure to grant the requested continuance would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the Defendant in a speedy trial." The delay caused by this continuance is excludable under the Speedy Trial Act.

Accordingly, Defendant's oral request for a continuance is GRANTED.  Further, the Court ORDERS that the period from November 29, 2023 until February 14, 2024 is excluded in computing the time period set forth in 18 U.S.C. § 3161 within which the United States must bring the Defendant to trial.

**IT IS SO ORDERED.**

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge